IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03 CV 141

CHARLES D. PARAMORE,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

    Defendant.

**ORDER**

    **THIS MATTER** is before the Court on Plaintiff Charles D. Paramore's ("Paramore") **Motion for Default Judgment**, **(file doc. 10)**, filed on August 1, 2005. The Government responded to this motion on August 12, 2005, and on that same day filed a **Motion to Dismiss**, **(file doc. 12)**. Paramore responded to the Motion to Dismiss on August 23, 2005, and filed a second response on August 26, 2005. The Government filed its reply on September 1, 2005. Then, on September 7, 2005, Paramore filed a **Motion for Leave to File Additional Documentation**, **(file doc. 16)**, to which the Government responded on September 9, 2005. Accordingly, the Motion for Default Judgment, the Motion to Dismiss, and the Motion for Leave to File Additional Documentation are all three ripe for disposition and the Court will address all three Motions with this Order. For the reasons stated below, the Court will **DENY** Paramore's Motion for Default Judgment, (file doc. 10), and **DENY** Paramore's Motion for Leave to File Additional Documentation, (file doc. 16). Further, the Court will **GRANT** the Government's Motion to Dismiss (file doc. 12).

## I. RELEVANT PROCEDURAL HISTORY

Paramore filed a fairly hollow *pro se* Complaint in this matter on March 24, 2003, which stated only his intention to appeal a Postal Service Decision. On May 6, 2004, Paramore sought an extension of time to perfect service, which was granted by this Court on May 19, 2004. Then, on September 9, 2004, Paramore filed a Motion to correct the defendant's name from John Doe to the United States Postal Service, which was granted by this Court on September 13, 2004. An Addendum to the Complaint was filed on September 14, 2004, which states the allegations against the Government. On May 24, 2005, over two years after Paramore filed his Complaint, this Court issued an Order noting that Paramore still had not executed service in this action and requiring him to perfect service within sixty days of that Order. Paramore then filed an Affidavit of Service on July 19, 2005, and an Addendum to that Affidavit on July 22, 2005.

Following this two years of relative inactivity, three motions have been filed in the last two months. First, Paramore filed a Motion for Default Judgment on August 1, 2005. Next, the Government filed a Motion to Dismiss on August 12, 2005. And, finally, Paramore filed a Motion for Leave to File Additional Documentation.

## II. RELEVANT FACTUAL HISTORY

Paramore pled guilty by entering into a plea agreement in 1989 to one act of conspiracy and three acts of bribery in connection with his job as a postal employee. (Addendum at 1-2.) After serving his sentence for that conviction, Paramore apparently contacted the Government in an attempt to settle his civil liability. (Addendum at 3.) Paramore alleges that he entered a civil agreement with the Department of Justice and with the Postal Service, which capped his financial liability at $25,000.00 of his civil service retirement account, in exchange for his cooperation

with other pending cases. (Addendum at 3-4.) This agreement also apparently required Paramore to return to prison to serve a sentence for perjury. (Addendum at 4-5.) This agreement was never put in writing. (Addendum at 4.) Paramore also claims that the only unsettled part of this agreement was the financial liability, alleging that the Government agreed to reduce the amount owed if his information proved helpful. (Addendum at 4.)

Paramore claims that the Department of Justice abided by this settlement agreement and actually excused his financial liability as part of the agreement, while the Postal Service claimed that there was no settlement agreement and instead sought financial reimbursement for his crimes through administrative procedures. (Addendum at 4.) The Postal Service's administrative decision from which Paramore appeals found him liable for an assessment and civil penalties in the amount of $65,000.00, under the Program Fraud Civil Remedies Act, 31 U.S.C. § 3801, *et seq*. (Addendum at 1.) Paramore believes that "this administrative remedy was no longer about making the Postal Service whole, but was turned into a tool by which the Postal Service sought to punish Paramore for pursuing a legal right to file tort claims." (Addendum at 8.)

## III. ANALYSIS

### A. Motion for Default Judgment

The Federal Rules of Civil Procedure require that the United States, its agencies, corporations, officers, or employees all be served by delivering a copy of the summons and complaint to the United States attorney in the district where the action was filed and by also sending a copy to the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1)(A), (B). A judgment entered against the United States where "there was no service of summons and complaint upon the United States Attorney for the District in which the suit was brought, nor

upon the Attorney General," as required by the Federal Rules of Civil Procedure, "is completely invalid." *Bland v. Britt*, 271 F.2d 193, 194 (4th Cir. 1959). Paramore has not alleged, nor provided any proof that he has ever served the proper party in this action. This Court cannot enter a default judgment against a party which has never been properly served. Accordingly, Paramore's Motion for Default Judgment is **DENIED**.

### B. Motion to Dismiss

Paramore filed the original Complaint in this matter on March 24, 2003, almost two and a half years ago. The Court notes that Paramore is proceeding *pro se*, and it has throughout this two and a half years given him several opportunities to perfect service and correct the name of the defendant. However, Paramore now requests that this Court give him even more time so that he may retain an attorney for the sole purpose of correcting service in this matter. (Resp. at 1-2.) After a thorough review of the relevant law, the time that has passed since the Complaint was filed, and Paramore's underlying claim, this Court is not inclined to do so.

The Federal Rules of Civil Procedure allow this Court to dismiss an action without prejudice if service is not executed within 120 days.[1] Fed. R. Civ. P. 4(m). However, the same Rule provides that if Paramore is able to show good cause for his failure to execute service, that he should be allowed extra time by the Court to do so. Fed. R. Civ. P. 4(m). Interpreting this Rule, the Fourth Circuit has held that it mandates that a Complaint be dismissed if it has not been served within the 120 days, absent a showing of good cause. *See Mendez v. Elliot*, 45 F.3d 75,

---

[1] The Court notes that this may bar Paramore from filing his Complaint again. *See* 39 C.F.R. § 962.21(c)(2). However, whether Paramore can refile his claim is not before the Court at this time, and while the Court has considered this possibility in making the decision to dismiss this action without prejudice, the Court makes no statement on this separate issue.

78 (4th Cir. 1995). However, this mandate has been called into question by several decisions, although not directly overruled. *See United States v. Gulf Ins. Co.*, 225 F.R.D. 526, 528 (E.D. Va. 2005). What is clear is that whether the Rule requires a dismissal without prejudice or just allows it under these circumstances, this Court "retains discretion to dismiss the action for failure to effect service, if it finds that good cause for the failure was not shown." *Id.*

The question then becomes whether this *pro se* plaintiff has shown the Court good cause for his failure to execute service in two and a half years. "Good cause" requires a showing of diligence and a reasonable effort to perfect service. *See Selman v. American Sports Underwriters, Inc.*, 697 F. Supp. 225, 235 (W.D. Va. 1988). "Mistake of law, misunderstanding of the rules, and inadvertence do not amount to 'good cause' under Rule 4(m)." *Gulf Ins. Co.*, 225 F.R.D. at 528 (citations omitted). And, as the Supreme Court has stated in the context of a civil action brought by an inmate where an even stronger reason for relaxing the rules exists than here due to the complete lack of access to counsel, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993).

Paramore's only reason for not serving the Government is that he did not know what the Rules required of him. The two and a half years provided him many opportunities to find out what the Rules required and he even received a direct warning from the Court in its May 24, 2005 Order that he must execute service of process within sixty days or he would risk dismissal of the action. As reflected in the above-cited case law, a mistake of law or a misunderstanding of the rules does not amount to good cause. Paramore has already been given several

5

accommodations by this Court in light of his proceeding *pro se*. In fact, the only reason his case was allowed to remain on the docket for two and a half years with so little action is due to his status as a *pro se* litigant and the accommodations the Court allowed him. However, after the ample amount of time and the many opportunities which Paramore had to fix his mistakes, there is no justification to allow this action to continue. For the reasons stated above, the Government's Motion to Dismiss will be **GRANTED**.

### C. Motion for Leave to File Additional Documentation

Paramore seeks to file additional documentation to explain why he felt that he was diligent in his efforts to perfect service and why it took him so long to try to perfect service. Paramore has filed two responses to the Motion to Dismiss and has already explained himself thoroughly. These two responses were virtually identical, and the Court is not clear as to why the response was filed twice, but nonetheless it was. Further, as stated above, the docket in this matter speaks for itself. Large periods of time passed where there was total inactivity in this case. Additionally, the Court has thoroughly considered Paramore's provided explanations and finds no need for additional explanations. No good cause has been presented and it is unlikely that if there had been good cause that Paramore would have left it out of his already provided response. Accordingly, Paramore's Motion for Leave to File Additional Documentation is **DENIED**.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Charles D. Paramore's Motion for Default Judgment, (file doc. 10), be **DENIED**. Further, that the Government's Motion to Dismiss, (file doc. 12), be **GRANTED**. And, finally, that Plaintiff Charles D. Paramore's

Motion for Leave to File Additional Documentation, (file doc. 16), be **DENIED**. The Clerk is directed to **CLOSE** this case.

**Signed: September 29, 2005**

Graham C. Mullen
Chief United States District Judge